39 F.3d 1189
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mario Alfonso de la MORA-AVILA, Defendant-Appellant.
 No. 93-50705.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1994.*
Decided Nov. 3, 1994.
 
 Before: CANBY, LEAVY, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mario Alfonso de la Mora-Avila appeals his 77-month sentence following his guilty plea to illegal entry after deportation in violation of 8 U.S.C. Sec. 1326. He contends the district court erred by counting a prior armed robbery conviction in 1984 in California state court in calculating his offense level and criminal history score. De la Mora-Avila contends the guilty plea was invalid and in violation of his constitutional rights because the California state court did not: (1) inquire whether he was satisfied with his attorney; (2) determine whether the plea was coerced; and (3) determine whether he was mentally competent to enter a guilty plea.
 
 
 3
 On May 23, 1994, the Supreme Court decided that a defendant has no constitutional right to collaterally attack a state court conviction used to enhance a sentence under the Armed Career Criminal Act, 18 U.S.C. Sec. 924(e). Custis v. United States, 114 S.Ct. 1732 (1994). De la Mora-Avila urges that, despite Custis, Sec. 4A1.2 of the Sentencing Guidelines independently provides authority for a collateral challenge to a predicate state conviction. De la Mora's argument lacks merit. This court has held that Application Note 6 of Sec. 4A1.2 precludes such an attack. United States v. Fondren, No. 93-50470, slip op. at 9136 (9th Cir. August 12, 1994.
 
 
 4
 De la Mora-Avila also argues that because the Application Notes differ in the Sentencing Guidelines for the 1992 and 1993[1] versions, this court cannot rely on the 1993 version. We specifically stated in Fondren that:
 
 
 5
 [The] 1993 clarification to the [application notes] of the Guidelines, effective retroactively, removes any lingering uncertainty [about the collateral attack of a state court conviction].
 
 
 6
 Slip op. at 9136.
 
 
 7
 In light of Custis and Fondren, de la Mora-Avila cannot collaterally challenge his 1984 state conviction.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The 1992 version states: "The Commission leaves for court determination the issue of whether a defendant may collaterally attack at sentencing a prior conviction." See U.S.S.G. Sec. 4A1.2, comment (November 1992)
 The 1993 version states: "With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized in law...." in enhancing sentences. U.S.S.G. Sec. 4A1.2, comment. (n. 6) (November 1, 1993).